IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BORIS M. PETROV, | : | CIVIL ACTION NO. **1:CV-09-0530** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| MICHAEL KLOPOTOSKI, et al., | : | |
| Respondents | : | |

### **REPORT AND RECOMMENDATION**

**I. Background.**

On March 23, 2009, Petitioner, Boris M. Petrov, an inmate at SCI-Dallas, Dallas, Pennsylvania, filed, *pro se*, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner names as Respondents Michael Klopotoski and the Attorney General of Pennsylvania.[1] Petitioner paid the required filing fee.

Petitioner challenges his convictions for possession with intent to deliver, manufacture and possessing with intent to deliver, possession of drug paraphernalia, corruption of minors, endangering the welfare of children, and conspiracy to commit possession with intent to deliver in the Luzerne County Court of Common Pleas ("CCP"). (Doc. 1, p. 2). Following a jury trial, on February 21, 2007, Petitioner states that he was convicted of all of the stated offenses. Petitioner states that he was sentenced on the stated convictions on April 30, 2007, to an aggregate term of 100 months to 144 months incarceration. (*Id.*).

---

[1] Petitioner correctly named Michael Klopotoski as a Respondent since he is the Superintendent at SCI-Dallas. *See* 28 U.S.C. § 2241 and 2242.

In his habeas petition, Petitioner raises only one ground, namely, that the trial court erred when it denied his motion to suppress evidence. Specifically, Petitioner states:

> The entry into the petitioner's house was not made pursuant to any lawful search warrant or any exception to the warrant requirement and the search warrant which was subsequently obtained and executed was the fruit of the initial unlawful police conduct.

(*Id.*, p. 6).

The petition has not yet been served on Respondents directing them to address the Petitioner's claim. We give preliminary consideration to the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254. *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[2] We find, based on the face of the habeas petition, that Petitioner's instant claim has not yet been exhausted in the state courts.[3]

---

[2] Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[3] The habeas statute requires a prisoner to exhaust his claims in state court before seeking relief from federal courts. 28 U.S.C. § 2254(b)(1)(A); *see also Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990). It is well settled in the Third Circuit that the Court has discretion to raise procedural issues, such as exhaustion of state court remedies, in habeas cases, and it may do so *sua sponte*. *See Sweger v. Chesney*, 294 F.3d 506, 520-521 (3d Cir. 2002), *cert. denied*, 538 U.S. 1002 (2003); *Holden v. Mechling*, 2005 WL 1219860 (3d Cir.).

We note that it hardly seems possible for Petitioner Petrov to have exhausted his state court remedies, since he was sentenced on April 30, 2007 and his judgment of conviction was recently affirmed by the Pennsylvania Superior Court on June 4, 2008. We also note that Petitioner only filed a PCRA petition with the CCP about 5 months ago. It is plain to see from the habeas petition that Petitioner has not yet exhausted his state court remedies, and thus we will recommend that his habeas petition be dismissed without prejudice to re-file it after he completes exhaustion.

## II. State Procedural Background.

Following his April 30, 2007 sentence, Petitioner filed a direct appeal with the Pennsylvania Superior Court.  Petitioner's direct appeal filed with the Superior Court was docketed to No. 914 MDA 2007.  (*Id.*, p. 3).  Petitioner states that he raised the issue of whether the trial court (sitting as a suppression court) erred in denying his pre-trial motion to suppress evidence.  Petitioner states that on June 4, 2008, the Superior Court affirmed his judgment of conviction.  Petitioner did not file a Petition with the Pennsylvania Supreme Court seeking permission to file an appeal.[4]  Thus, Petitioner's convictions became final 90 days after June 4, 2008, or about September 4, 2008.  *See Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079 (2007); *Simmers v. Pa.*, 2007 WL 1366963, *2 (E.D. Pa.) (Petitioner's "conviction became final . . . when the time allowed for filing a writ of *certiorari* to the United States Supreme Court expired.") (citation omitted).

While Petitioner's AEDPA statute of limitations ("SOL") began to run on September 5, 2008, it was tolled on October 16, 2008,[5] when he filed his PCRA Petition with the CCP.[6]  In his PCRA

---

[4] As Petitioner recognizes (Doc. 1, p. 6), a Petitioner in Pennsylvania does not have to seek review from the Pennsylvania Supreme Court to fully exhaust his state court remedies.  *See Lambert v. Blackwall*, 387 F. 3d 210, 233-234.

[5] As indicated below, Petitioner's CCP criminal docket sheet indicates that Petitioner filed his PCRA Petition on October 16, 2008, and not October 6, 2008, as he states.

[6] The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief.  The amendments impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).  There are four potential starting points for determining when the statute of limitations begins to run.  The applicable period in the instant matter would be the date that Petitioner's judgment of conviction became final.  *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003).  Any time devoted to

Petition, Petitioner raised a claim that he did not understand his trial court proceedings (seemingly including his suppression hearing) "due to not having an interpreter." (*Id.*, p. 4). Petitioner indicates that his collateral appeal is still pending with the trial court sitting as the PCRA court. (*Id.*, pp. 4 and 13).

Thus, Petitioner's AEDPA SOL is still tolled and has only run for about one month. To date, it appears from Petitioner's CCP criminal docket sheet that his PCRA Petition is still pending with the CCP.[7]

## II. Discussion

In *Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675 (2006), the Court, citing to *Granberry v. Greer*, 481 U.S. 129, 133 (1987), held "that federal appellate courts have discretion to consider the issue of exhaustion despite the State's failure to interpose the defense at the district-court level." 126 S.Ct. at 1682. The *Day* Court indicated that, while the Supreme Court did not decide if federal courts, *sua sponte*, may raise a Petitioner's procedural default, such as failure to exhaust state court

---

pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2); *Merritt, supra.*

[7]We obtained a copy of the docket sheet in the underlying criminal matter by accessing the following website: *http:// ujsportal.pacourts.us*. It reveals that Petitioner's PCRA petition is still pending before the Luzerne County Court of Common Pleas. *See Dunn v. Wynder*, 2006 WL 2850631, *1, n. 2 (M.D. Pa.).
Petitioner's CCP docket sheet also reveals that Petitioner was appointed counsel and that his counsel filed a supplemental PCRA and a support brief on December 3, 2008. A PCRA hearing was scheduled for Petitioner on February 17, 2009, but the hearing was continued and Petitioner was returned to SCI-Dallas on this day since he needed an interpreter. No new hearing has been scheduled as of March 30, 2009.

remedies, all Courts of Appeals have allowed this, including the Third Circuit in *Sweger v. Chesney*, 294 F. 3d 506, 520 (3d Cir. 2002). *Id.*

It is admitted by Petitioner that he filed his PCRA Petition with the trial court in October 2008, and that it is still pending with the trial court. Petitioner's PCRA Petition was timely under state law. *See* 42 Pa. C.S.A. §9545(b)(1). *See also Dunn, supra*, *2. Petitioner's CCP docket sheet shows that his collateral appeal is still pending with the trial court and that the February 17, 2009 hearing was continued so that Petitioner could have an interpreter. Thus, Petitioner has not exhausted his state court remedies. After the trial court decides Petitioner's PCRA Petition, Petitioner will then be able to file a Notice of Appeal of an adverse decision with the Pennsylvania Superior Court. During the time Petitioner's PCRA Petition remains under review with the state courts, his AEDPA SOL will be tolled. *See Dunn, supra*, *2.

We find that Petitioner's § 2254 habeas petition with this District Court should be dismissed without prejudice to re-file it after Petitioner exhausts his state court remedies, *i.e.* his collateral appeal. In his pending PCRA Petition, Petitioner clearly has the ability to make a claim that his trial counsel was ineffective with respect to his suppression hearing and with respect to his trial regarding the admissibility of any evidence obtained by the police from the search of his house.[8] As the *Dunn* Court noted, "Pennsylvania also has a liberal policy of allowing amendment of a PCRA petition to add new claims, as long as the Petition was filed before the PCRA one-year deadline." 2006 WL 2850631, *2, n. 4 (Citation omitted).

---

[8]As noted, Petitioner's appointed counsel filed a supplemental PCRA Petition with a brief on December 3, 2008. It is not indicated what issues Petitioner's counsel raised in the supplemental PCRA Petition.

Petitioner does not claim that no action on his PCRA Petition has been taken, and does not request the District Court to stay his § 2254 time limit to file the present habeas petition in this Court. Since Petitioner has just recently filed his collateral appeal with the CCP (*i.e.* about five months ago), and since the state court has not yet ruled on this appeal, which continues to toll Petitioner's AEDPA SOL, we see no need to stay this habeas petition pending exhaustion. Based on the circumstances of this case, there is no risk that Petitioner will be precluded from re-filing his habeas petition with this Court well before his § 2254 statute of limitations will expire.

We conclude that, based on the Court's decision in *Dunn, supra*, as well as *Parker v. Kelchner*, 429 F.3d 58, 2005 WL 2979229 (3d Cir. 2005), the present Petition should be dismissed without prejudice to re-file it after Petitioner completes exhaustion of his collateral appeal regarding his challenge to his state court convictions.

We find that the state appellate courts should first be given the opportunity to resolve the Petitioner's pending PCRA Petition regarding his trial and convictions. We also find that the instant habeas petition should be dismissed without prejudice, pending exhaustion of Petitioner's collateral appeal with the CCP and then with the Pennsylvania Courts of Appeals, as opposed to staying this case until exhaustion is completed.[9] Since the state appellate courts have not yet had an

---

[9] Previously, this Court has stayed habeas petitions pending exhaustion of state court remedies. In *Benchoff v. Colleran,* 03-740, M.D. Pa. (J. Caputo), this Court stayed Petitioner's habeas petition since he did not exhaust all of his habeas claims with the Pennsylvania state courts. *See also Simmons v. PA Parole Bd.*, 04-1001, M.D. Pa. (J. Jones) (Exhaustion not excused). However, as stated above, in this case, there is no risk to Petitioner Petrov that his one-year AEDPA statute of limitations to re-file a § 2254 habeas petition with this Court will expire, since a properly filed appeal tolls the § 2254 statute of limitations. 28 U.S.C. §2244(d)(2); *Dunn, supra*.

opportunity to address the merits of Petitioner's PCRA claims attacking his convictions, his present habeas petition should be dismissed without prejudice.

Ordinarily, a state prisoner must exhaust his state court remedies before the federal courts consider the claims.  28 U.S.C. §2254(b); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

In *Dunn*, the Court stated:

> Generally, a federal court may not entertain a petition for a writ of habeas corpus unless the petitioner has first exhausted his state court remedies. FN3 *Lee v. Stickman,* 357 F.3d 338, 341 (3d Cir.2004), citing 28 U.S.C. §§ 2254(b) and (c); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The exhaustion requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts." *Hankins v. Fulcomer,* 941 F.2d 246, 249 (3d Cir.1991).
>
>> FN3. Exhaustion is excused if there is an absence of available State corrective process[,] or ... circumstances exist that render such process ineffective to protect the rights of the applicant. *Lines v. Larkins,* 208 F.3d 153, 163 (3d Cir.2000), quoting 28 U.S.C. § 2254(b)(1)(B)(i) and (ii). Hence, exhaustion is not required if there is inordinate delay in state procedures, *id.* at 250, or if state officials have obstructed the petitioner's attempts to obtain state remedies." *Id.* at 163, citing *Mayberry v. Petsock,* 821 F.2d 179 (3d Cir.1987).

2006 WL 2850631, *1; *Lee v. Stickman*, 357 F. 3d 338, 341 (3d Cir. 2004).  *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Parker*, 429 F.3d 61-62; *Shelley v. Patrick*, 2008 WL 2234639 (W.D. Pa.).

Additionally, the *Dunn* Court stated:

> A habeas corpus petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins,* 208 F.3d 153, 159 (3d Cir.2000), citing *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997). Petitioner has not exhausted his state court remedies. He

7

> currently has pending a PCRA petition in the Mifflin County Court of Common Pleas. It appears that on August 24, 2006, a motion to dismiss the petition was filed by the District Attorney's Office. The motion has not yet been addressed by the county court. This court must allow the PCRA proceedings to conclude before entertaining the pending habeas corpus petition. To avoid the risk that a second 2254 petition will be barred by the expiration of the one-year statute of limitations while Petitioner is exhausting state court remedies, the court must decide whether to stay the instant petition rather than dismiss it. *See Crews v. Horn,* 360 F.3d 146 (3d Cir.2004).
>
> Under 28 U.S.C. § 2244(d)(1), a state defendant has one year to file a 2254 petition. For our purposes, that period starts to run from the date the conviction becomes final, defined in section 2244(d)(1)(A) as the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. The limitations period is also tolled for the time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. 2244(d)(2).
>
> Given the procedural history of the state post-conviction proceedings, the court can dismiss this petition rather than stay it because, even on the strictest calculation of the limitations period, Petitioner still has time to return to federal court after exhausting state court remedies.

2006 WL 2850631, *1-*2.

Petitioner Petrov is seeking the state court to decide his collateral appeal, while at the same time, he is requesting this Court to decide an issue he can raise in his state court appeal. Thus, Petitioner seeks to exhaust his claim challenging his Luzerne County convictions in the Pennsylvania State Courts. Petitioner also requests this federal court to simultaneously decide the validity of his convictions, and to direct the CCP to release him from custody or to suppress any evidence obtained from the search of his house by police. (Doc. 1, p. 15). Petitioner readily acknowledges that his challenge to his Luzerne County convictions is not fully exhausted in the Pennsylvania state

court.

Based on this Court's decisions in *Dunn, supra*, *Barnhart v. Kyler*, 318 F.Supp. 2d 250, 256-57 (M.D. Pa. 2004), *Simmons* and *Benchoff,* as well as the Third Circuit case of *Parker, supra,* we find that exhaustion has not been completed in this case and that exhaustion is not futile. We find that Petitioner must exhaust his available state court remedies with respect to his claim challenging his Luzerne County convictions. We also find, based on Petitioner's pending state court collateral appeal, that dismissal without prejudice is appropriate as opposed to staying this case. *See Dunn, supra*. After Petitioner's PCRA Petition is decided by the state courts and his AEDPA SOL begins to run again, Petitioner will have about eleven (11) months within which to file another § 2254 habeas petition.

**IV. Recommendation.**

Based on the foregoing, we respectfully recommend that Petitioner's habeas petition be dismissed without prejudice to re-file it after he exhausts his state court remedies.

                                      **s/ Thomas M. Blewitt**
                                      **THOMAS M. BLEWITT**
                                      **United States Magistrate Judge**

**Dated: March 30, 2009**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BORIS M. PETROV, | : | CIVIL ACTION NO. **1:CV-09-0530** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| MICHAEL KLOPOTOSKI, et al., | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 30, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                   s/ Thomas M. Blewitt
                                                   **THOMAS M. BLEWITT**
                                                   **United States Magistrate Judge**

**Dated: March 30, 2009**